## VANCE VICKERY *v.* THE STATE.

1. SECOND CONTINUANCE. — When, prior to the Revised Code, an application for a second continuance was in substantial compliance with the requirements of the law, and there was no competent counter-showing that due diligence had not in fact been used, or that the attendance of the absent witness could not be secured by the continuance, the application should have been granted.

2. SAME. — To controvert a sufficient application for a second continuance, the prosecution used affidavits of the sheriff and county attorney, to the effect that the prisoner, a few days before the trial, told them he had been informed that the absent witness had fled the country. *Held,* that such a statement, made by an uncautioned prisoner, and apparently based on hearsay or rumor, was entitled to no more consideration than if derived from any other unreliable source; and the continuance should have been granted, or else the trial postponed to enable the prosecution to substantiate its objection.

3. PRACTICE. — In the absence of due caution that his statements may be used against him, the law seals a prisoner's lips for all purposes of his trial, and allows nothing he says to be used to his detriment; and the practice of officials in using such statements, to countervail applications for continuance and the like, is reprehensible.

APPEAL from the District Court of Burleson. Tried below before the Hon. A. S. BROADDUS.

The indictment charged the appellant with the murder of one Sam Doss, by cutting him with a knife, on December 17, 1877. The conviction was for murder in the second degree, and ninety-nine years in the penitentiary the punishment assessed.

According to the testimony of the principal witness for the State, the homicide was wholly unprovoked, and apparently objectless. According to the defendant's application for a continuance, however, his absent witnesses would testify to facts clearly making a case of self-defence. The matters involved in the rulings are disclosed in the opinion.

*N. G. Kittrell,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

CLARK, J.   The defendant's application for continuance, although a second application, was in substantial compliance with the statute, and should have been granted, in the absence of a counter-showing by the prosecution that due diligence had not in fact been used, or that the attendance of the absent witness could not be secured by a continuance. *Preston* v. *The State*, 4 Texas Ct. App. 186; *Dixon* v. *The State*, 2 Texas Ct. App. 530; *Perkins* v. *The State*, 1 Texas Ct. App. 114.

The absent witness, Brazelle, seems to have been duly attached in Milam County, the county of his residence, on January 15, 1879, and had given bond as such witness, with sureties, for his appearance before the District Court of Burleson County on the fourth Monday after the first Monday in February, 1879, and had been in actual attendance at that term of the court.   The trial was had at a term of the court beginning on the first Monday in June, 1879, and not on the fourth Monday after the first Monday in September, the time theretofore fixed; the law regulating the times for holding said courts having been changed after the conclusion of the February term.   Laws Reg. Sess. 1879, chaps. 48, 88.

The State controverted this application for continuance by the affidavits of the sheriff and the county attorney, to the effect that, a few days before the trial, the defendant, who appears to have been in jail, had stated to them he had been informed that the witness Brazelle had left the country on a charge of swindling; and the court, upon this showing, overruled the application.

We cannot regard the evidence afforded by those affidavits as sufficient to show either a want of diligence, or that the witness was beyond the jurisdiction of the court.   The statement of defendant as to the whereabouts of the witness was evidently based upon a rumor which had come to his knowledge, and which might or might not be true; and this hearsay could not be invested with any greater authen-

ticity because it came through the defendant than if detailed by the affiants as coming from some other source, — probably not as much. In view of the grave character of the charge against the defendant, and the change in the terms of the court, it would have been peculiarly proper for the court to have continued the case for the term, or postponed it to a future day, in order to afford the prosecution an opportunity to procure and produce for the information of the court some evidence of a substantial character, which might tend to show with a degree of definiteness that the facts stated in the application were not true, and that the witness had in fact absconded.

We deem it proper to add further, that the practice of officials in making use of statements made to them by a prisoner in jail, most probably through inadvertence, and without understanding or being cautioned that such statements would be used against him, is one not to be commended. Especially is this so when the prisoner, through poverty, has been deprived of the advice of counsel. In the absence of such caution, the law wisely and humanely seals the prisoner's lips for all purposes of trial, and permits nothing he may say, either through compulsion or ignorance, to be used to his detriment.

No other error is made manifest in the record, and the charge of the court was an admirable exposition of the law applicable to the case. But, for the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*